UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN SMITH,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Criminal Case No. 1:14-cr-268-BLW<br>Civil Case No. 1:16-cv-262-BLW<br><br>**ORDER** |

## INTRODUCTION

Pending before the Court is Petitioner Shawn Smith's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Civ. Dkt. 1. The motion is fully briefed and at issue. Having reviewed the filings in this matter, the Court will deny Petitioner's Motion without a hearing.

## BACKGROUND

On March 24, 2015 Petitioner Smith pled guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count One) and one count of brandishing a firearm during a "crime of violence" in violation of 18 U.S.C. § 924(c)(1) (Count Four). Crim. Dkts. 22, 26. Mr. Smith's conviction for Count One, bank robbery, constituted the "crime of violence" that served as the basis for his conviction and sentence under Count Four. *See id*.

In the Plea Agreement, Mr. Smith agreed that the government could prove the elements of Armed Bank Robbery as alleged in Count One; and Brandishing of a Firearm

**ORDER - 1**

During and in Relation to a Crime of Violence as alleged in Count Four beyond a reasonable doubt. Crim. Dkt. 22, 26. The Plea Agreement detailed that armed bank robbery was the "crime of violence" underlying the § 924(c) charge as alleged in Count Four. *Id*. The defendant did not object to the presentence report's findings that armed bank robbery was a crime of violence for purposes of 18 U.S.C. § 924(c). Crim. Dkt. 33-1. On June 9, 2015, the Court sentenced the Mr. Smith to 35 months on count one for armed bank robbery and 84 months consecutive on count four for the § 924(c) conviction for a total term of 119 months of incarceration. Crim. Dkt. 40. The sentence was below the advisory guideline range. Crim. Dkt. 41. The defendant did not appeal his convictions or sentence. His convictions became final on June 23, 2015. On June 22, 2016, the defendant moved to vacate his sentence under 28 U.S.C. § 2255. Civ. Dkt. 1.

      Petitioner now challenges the constitutionality of his sentence based on the Supreme Court's recent decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1208 (2018). In *Johnson*, the Supreme Court invalidated a prisoner's sentence under the Armed Career Criminal Act ("ACCA") because the definition of "violent felony" as a predicate crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague. 135 S. Ct. at 2557; 18 U.S.C. § 924(e)(2)(b)(ii). The Court in *Dimaya* invalidated a similarly-worded definition of "crime of violence" in the Immigration and Nationality Act ("INA") because it likewise "devolv[ed] into guesswork and intuition, invited arbitrary enforcement, and failed to provide fair notice." *Dimaya*, 138 S. Ct. at 1223; 18 U.S.C. § 16(b). Petitioner believes his sentence for Count Four—brandishing a firearm

**ORDER - 2**

during a "crime of violence"—should be vacated because the definition of the predicate "crime of violence" in § 924(c) is unconstitutional following *Johnson* and *Dimaya*. *See* Civ Dkt. 1; 18 U.S.C. § 924(c)(3)(B). For the reasons that follow the Court will deny Petitioner's motion.

## LEGAL STANDARD

To state a cognizable claim under 28 U.S.C. § 2255, a petitioner must assert that he or she is in custody in violation of the Constitution or laws of the United States, that the district court lacked jurisdiction, that the sentence exceeded the maximum allowed by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, [u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." *Id*. at 1062–63.

## ANALYSIS

Petitioner Smith argues the Court should vacate his conviction and sentence for Count Four because bank robbery should not be considered a predicate "crime of

**ORDER - 3**

violence" for purposes of § 924(c)(3). That is so, Petitioner believes, because § 924(c)(3)(B) suffers from the same unconstitutional vagueness identified by the Supreme Court in the statutes at issue in *Johnson* and *Dimaya*. *See* Civ. Dkts. 1, 9. The Government responds that Petitioner's § 2255 claim is both procedurally defective and without merit. *See* Civ. Dkt. 7. The Court finds it unnecessary to address the Government's procedural arguments or to reach the question of whether § 924(c)(3)(B) is unconstitutionally vague. Under controlling Ninth Circuit precedent, Petitioner's Count One conviction for bank robbery under § 2113(a) counts as "crime of violence" predicate offense for purposes of his Count Four conviction under § 924(c)(3)(A). *See United States v. Watson,* 881 F.3d 782 (9th Cir.)(per curiam), cert. denied, 139 S.Ct. 203, (2018). Therefore, the Court will deny Petitioner's motion.

1. **Bank Robbery is a "Crime of Violence" Under 18 U.S.C § 924(c)(1)(A)**

    Count Four of Petitioner's indictment, charges him with brandishing a firearm during a "crime of violence" in violation of 18 U.S.C. § 924(c)(1). The statute defines a "crime of violence" as a felony that either:

    > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
    > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

    18 U.S.C. § 924(c)(3). Section (A) is known as the "force clause" and is satisfied if the predicate crime has as an element the use of "'violent' physical force—'that is force capable of causing physical pain or injury.'" *Watson*, 881 F.3d at 784 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). The Ninth Circuit, in *Watson*, held that a

**ORDER - 4**

conviction for bank robbery under § 2113(a) constitutes a "crime of violence" under the "force clause," § 924(c)(3)(A). 881 F.3d at 784. The Defendants in *Watson* were convicted of robbing a bank while armed with handguns under § 2113(a), just like Petitioner here. *See Id.*; Crim. Dkt. 18 at 4-5. In *Watson,* the Ninth Circuit heard and rejected the very same arguments Petitioner Smith now raises in his § 2255 Motion, that "bank robbery no longer qualifies as a crime of violence." *Id.* Because the Ninth Circuit has addressed Petitioner Smith's arguments and held bank robbery fits the definition of "crime of violence" in § 924(c)(3)(A), the Court finds his sentence for Count Four is constitutional and denies Petitioner's § 2255 Motion.

2. **Certificate of Appealability**

Rule 11(a), Rules Governing Section 2255 Cases, requires that in such cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To meet the "threshold inquiry" on debatability, the Ninth Circuit instructs that the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Lambright*, 220

ORDER - 5

F.3d at 1025(internal citations omitted). Even if a question is well settled in our circuit, a constitutional claim is debatable if another circuit has issued a conflicting ruling. *See id*. at 1025–26.

Petitioner has not demonstrated a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate whether Petitioner's Motion lacks merit. Defendant's challenge to his conviction and sentence under 18 U.S.C. § 924(c) runs directly into controlling Ninth Circuit authority that rejects his arguments. *See Watson* 881 F.3d at 786. *Watson* is binding precedent on this Court, and as the Ninth Circuit noted, reaches the same conclusion as "every other circuit to address the same question." *Id*. at 785. Therefore, the Court will not grant Petitioner a certificate of appealability.

## ORDER

In accordance with the Memorandum Decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED, that,

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Civ. Dkt. 1), (Crim. Dkt. 47) is DENIED. The Court shall issue a separate judgment as required by Rule 58(a).
2. Petitioner is denied a certificate of appealability as to his claim that federal bank robbery is not a crime of violence under 18 U.S.C. § 924(c).



DATED: August 15, 2019

_____
B. Lynn Winmill
U.S. District Court Judge